**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4524**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BYRON HALE DELAVAN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Raymond A. Jackson, District Judge.  (4:18-cr-00023-RAJ-DEM-1)

Submitted:  June 29, 2020                    Decided:  September 9, 2020

Before DIAZ and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert L. Jenkins, BYNUM & JENKINS, PLLC, Alexandria, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, Samuel Bean, Special Assistant United States Attorney, Alexandria, Virginia, Brian J. Samuels, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Byron Hale Delavan was convicted of conspiracy to defraud the United States, 18 U.S.C. § 371 (Count 1); aiding in the preparation of false tax returns, 26 U.S.C. § 7206(2) (Counts 2-23); mail fraud, 18 U.S.C. § 1341 (Counts 24-26); wire fraud, 18 U.S.C. § 1343 (Counts 27-29); and engaging in monetary transactions in property derived from specified unlawful activity, 18 U.S.C. 1957 (Counts 30-35). Delavan appeals, contending that the district court erred by denying his motion to dismiss Counts 24-26 and 28-35, and that the evidence was insufficient as to Counts 1-23 and 27. We affirm.

We "review the district court's factual findings on a motion to dismiss an indictment for clear error" and "its legal conclusions de novo." *United States v. Hosford*, 843 F.3d 161, 163 (4th Cir. 2016) (internal quotation marks omitted). "To satisfy the Fifth and Sixth Amendments, an indictment must contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense." *United States v. Blankenship*, 846 F.3d 663, 668 (4th Cir. 2017) (alteration and internal quotation marks omitted); *see United States v. Perry*, 757 F.3d 166, 171 (4th Cir. 2014) (requiring indictment to "set forth all the elements necessary to constitute the [offense] intended to be punished," and the "essential facts constituting the offense charged").

The indictment alleged that Delavan "devised a scheme and artifice to defraud" and made false, fraudulent and material misrepresentations for the purpose of obtaining money and property. It further specifically alleged three incidents of the use of the mail in furtherance of the scheme (Counts 24-26), and three incidents of the use of electronic mail

in furtherance of the scheme (Counts 27-29). The indictment specifically incorporated into those counts the "General Allegations" in the indictment. These "General Allegations" described Devalan's "tax plan" pursuant to which he charged individuals a fee of $10,000 or more in return for documentation to support a corporate tax loss in an amount sufficient to offset each individual's taxable income. The indictment specified that the tax plan included the preparation of the individuals' tax returns by Neil Smith. With information from Delavan, Smith would prepare tax forms listing the tax losses as "non-passive losses" despite the fact that the individuals who paid for the tax plan took no active role in Delavan's companies. The "General Allegations" also alleged that "Delavan solicited investments and/or loans from several individuals and he represented that the funds would be used by [his companies] to purchase additional bad debt" but that Delavan used the monies received to pay for "unrelated personal and business expenses" of his or his family or to repay prior investors. We agree with the district court that the indictment contained sufficient allegations of a scheme to defraud and the use of the mail or wire so as to provide Delavan adequate notice of the charges against him and the essential facts supporting the charges. *See Perry*, 757 F.3d at 171.

With regard to the money laundering charges (Counts 30-35), Delavan argued that the indictment was insufficient because it failed to describe each of the fraudulent acts that generated the funds he allegedly laundered. However, "details about the nature of the unlawful activity underlying the character of the proceeds need not be alleged." *United States v. Smith*, 44 F.3d 1259, 1265 (4th Cir. 1995). These counts also incorporated the indictment's "General Allegations" and further alleged that Delavan engaged in six

3

specified monetary transactions with proceeds from an unlawful activity, namely mail fraud and wire fraud. We find that these allegations were sufficient to provide Delavan with adequate notice of the charges and to enable him to prepare for trial. Accordingly, we conclude that the district court properly denied Delavan's motion to dismiss the mail fraud, wire fraud, and money laundering charges.

Delavan also argues on appeal that the district court erred by denying his motion for judgment of acquittal on Count 27, which charged him with wire fraud. We review the denial of a motion for judgment of acquittal de novo. *United States v. Zelaya*, 908 F.3d 920, 925 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 855 (2019). When assessing a challenge to the sufficiency of evidence, we must view the evidence in the light most favorable to the prosecution and determine whether "substantial evidence"—that is, "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt"—supports a guilty verdict. *United States v. Howard*, 773 F.3d 519, 525 (4th Cir. 2014).

Count 27 alleged wire fraud and described the wire transmission as an electronic mail transmission sent "on or about" January 21, 2014, "from defendant to J.O., in which defendant asked J.O. for 'your line 43' (the taxable income figure on a tax return)." Delavan contends that the evidence at trial did not establish that his wire transmission was part of a scheme to defraud.

Janice Olsen testified that she had obtained a civil judgment against the purchaser of her print shop, but she had not been able to collect on the judgment. Delavan offered to help her recover her judgment and informed her that his company purchased such

4

judgments. In December 2011, Olsen paid Delavan $10,000, by check made payable to Tradewinds Business Alliance, and in exchange, Delavan advised her that she became a partner in his limited liability company and would receive a tax form K-1 and be entitled to deduct a share of the company's bad debt. Delavan explained that, pursuant to this plan, he would take some of the judgment debt that she was owed and report that on the K-1 form allowing her to deduct the amount from her taxes. He explained that the judgment debtor would receive a 1099 form reporting the same amount as income on which he would pay taxes and this would reduce the amount of the judgment owed to Olsen. Olsen testified that she prepared her own tax returns using online software. Each year, Delavan would ask her to provide him with the amount of taxable income shown on line 43 of her tax return. She would then receive a K-1 form from Smith, showing her share of the company's bad debt, which she then used to offset her income. She testified that Delavan based her share of the bad debt on the amount of her taxable income. Olsen testified that the K-1 forms listed the loss deduction as a non-passive loss, but she had no active role in the company. The Government introduced evidence of an email message from Delavan in which he asked Olsen for her taxable income amount from line 43 of her tax return.

Neil Smith testified that Delavan asked him to prepare tax forms for Olsen and other participants in Delavan's tax plan. He explained that the information from line 43 (taxable income) was important for him to have when preparing the K-1 forms in order to offset income. He testified that he worked with Delavan to adjust the numbers to make the deductions reflect income and thereby increase refunds to participants. Smith acknowledged an email message from Delavan concerning Olsen's 2013 taxable income

5

which stated, "Hale, our Line 43 is $30,572." Smith testified that Delavan asked Olsen for that number and Delavan provided it to him so that Smith could "determine if she needs more deductions."

We conclude that Olsen's and Smith's testimony provided substantial evidence that Delavan knowingly participated in a scheme to defraud and that he used or caused the use of wire communications (email) in furtherance of that scheme. *See United States v. Burfoot*, 899 F.3d 326, 334-35 (4th Cir. 2018). Accordingly, the district court properly denied Delavan's motion for judgment of acquittal on Count 27.

Delavan also challenges the sufficiency of the evidence on Counts 1 through 23, which charged him with conspiracy to defraud the United States. Reviewing the Government's evidence, the court asks whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Robinson*, 855 F.3d 265, 268 (4th Cir. 2017) (internal quotation marks omitted). We do not "assess witness credibility," however, and must "assume that the jury resolved any conflicting evidence in the prosecution's favor." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted). "A defendant bringing a sufficiency challenge must overcome a heavy burden" as reversal is "confined to cases where the prosecution's failure is clear." *United States v. Palomino-Coronado*, 805 F.3d 127, 130 (4th Cir. 2015) (internal quotation marks omitted). We find that Delavan cannot meet this exacting burden.

To establish a conspiracy to defraud the United States, the Government must prove (1) an agreement by two or more persons to defraud the United States; (2) an intent to agree and to defraud the United States; and (3) an act in furtherance of the conspiracy.

6

*United States v. Vogt*, 910 F.2d 1184, 1202 (4th Cir. 1990). The existence of an agreement and the intent may be inferred from the actions and statements of the conspirators or from the circumstances of the scheme. *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996).

Viewed in the light most favorable to the Government, we conclude that there was sufficient evidence that Delavan devised a tax promotion scheme by which he solicited a fee from individuals in exchange for his promise of large tax refunds. To generate the refunds, Delavan reported the investors/clients as partners or members in his companies, falsely reported business losses, and passed a share of those losses onto the partners as non-passive losses despite the fact that the investors had no role in the companies. Delavan provided Smith with each investor's specific income information and Smith adjusted the investors' partnership interests to offset that income and provide tax refunds to the clients. Additionally, Delavan falsely represented to the investors that his businesses were legitimate and that the losses were properly reported on their income tax returns.

The evidence supports a finding that Delavan knew that the information he provided for Smith to prepare the K-1 forms was false. Additionally, Delavan claimed that his businesses purchased bad debts, but there was never a report of income to buy the alleged bad debts and two of the businesses had their registrations cancelled in 2011 and 2012 by the State Corporations Commission, yet Delavan continued to promote investment in the businesses. Additionally, Delavan and Smith agreed to adjust ownership interests of the tax scheme participants in the companies in order to offset the participants' taxable income with falsified loss amounts, which were inaccurately reported as non-passive losses despite

7

the fact that the participants had no active role in the companies. We find that this evidence was sufficient to convict Delavan on each count of conspiracy to defraud the United States.

Challenging the sufficiency of the evidence on the aiding in the filing of false tax returns counts, Delavan contends that the Government failed to show that he prepared any tax returns, that he knew the information he provided was false, or that he acted "willfully." A conviction for aiding in the preparation of false tax returns requires the Government to prove "(1) the defendant aided, assisted, or otherwise caused the preparation and presentation of a return; (2) that the return was fraudulent or false as to a material matter; and (3) the act of the defendant was willful." *United States v. Aramony*, 88 F.3d 1369, 1382 (4th Cir. 1996) (quoting *United States v. Salerno*, 902 F.2d 1429, 1432 (9th Cir. 1990)). It is not necessary that the defendant personally filed the false tax returns in order to be convicted under § 7206(2). *See United States v. Smith*, 424 F.3d 992, 1010-11 (9th Cir. 2005). Rather, anyone who causes a false tax return to be filed or who provides information that leads to the filing of a false tax return can be guilty of violating § 7206(2). *See United States v. Clark*, 139 F.3d 485, 489-90 (5th Cir. 1998) (upholding conviction for aiding in filing a false return where defendant advised taxpayers to claim excess exemptions on W-4 forms).

As stated previously, the evidence supports a finding that Delavan knew that the information he provided to Smith for the preparation of K-1 forms was false. Additionally, the evidence shows that Delavan knew that the information on the K-1 forms would be used to prepare tax returns and that he acted willfully. We therefore uphold Delavan's convictions on each of the counts of aiding, assisting, or otherwise causing the preparation

8

and presentation of a false tax return in violation of 26 U.S.C. § 7206(2).  *See Aramony*, 88 F.3d at 1382; *see also United States v. Pomponio*, 429 U.S. 10, 12 (1976) (per curiam) ("willfulness in this context simply means a voluntary, intentional violation of a known legal duty").

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
