**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4480

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BOB LEE JONES,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Max O. Cogburn, Jr., District Judge.  (1:16-cr-00094-MOC-DLH-1)

Submitted: June 11, 2018                                    Decided: July 18, 2018

Before NIEMEYER, TRAXLER, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James P. McLoughlin, MOORE & VAN ALLEN, PLLC, Charlotte, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Bob Lee Jones was convicted of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g), 924(a)(2) (2012). On appeal, Jones contends that the district court erred by not allowing hearsay evidence of an inculpatory statement made by a third party, and by not instructing the jury on involuntary intoxication as an affirmative defense. He also contends that the evidence was insufficient to sustain the conviction and that the court had an obligation to investigate sua sponte the reasons for the all-white jury venire. We affirm.

I

After a night of drinking at a local club in Asheville, North Carolina, Jones and friends were in a nearby parking lot when shots were fired. Two Asheville police officers were nearby in their patrol car and ran into the parking lot as people fled the scene. One fleeing woman gave a brief description of the shooter to one of the officers. The officers spotted Jones, who matched this description, near the back of the lot. The officers approached Jones with their firearms drawn and saw an object that looked like a firearm in Jones' hand. The officers yelled at Jones to drop his weapon. Jones walked toward a wall near the edge of the lot and dropped something, then turned, put his empty hands in the air, and walked toward the officers. The officers forced Jones to the ground and handcuffed him, and then retrieved the firearm, bullets, and spent shells. In the patrol car, Jones denied shooting the firearm.

Defense counsel for Jones presented a witness who testified that she saw another person in the parking lot shoot the firearm and then throw it away. Out of the presence of

2

the jury, Jones sought admission of hearsay through a man who managed the club where Jones had been drinking prior to closing time. This witness testified that he was in front of the club at closing time when a man came up to him and stated that he shot his pistol into the air to break up a fight and then handed the pistol off. The district court refused to allow the proffered testimony as to the third party's statement.

"[T]he Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *Holmes v. South. Carolina*, 547 U.S. 319, 324 (2006) (internal quotation marks omitted). "This right includes, at a minimum, the right to put before a jury evidence that might influence the determination of guilt." *United States v. Lighty*, 616 F.3d 321, 358 (4th Cir. 2010) (alteration and internal quotation marks omitted). But "a defendant's right to present a defense is not absolute: criminal defendants do not have a right to present evidence that the district court, in its discretion, deems irrelevant or immaterial." *United States v. Malloy*, 568 F.3d 166, 177 (4th Cir. 2009). In presenting a defense, the accused "must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973). When a court is charged with deciding whether to admit evidence of an alternate perpetrator, the court must "balance two evidentiary values: the admission of relevant evidence probative of defendant's guilt or innocence under [Fed. R. Evid.] 401 with the exclusion of prejudicial, misleading and confusing evidence under [Fed. R. Evid.] 403." *Lighty*, 616 F.3d at 358.

Further, the district court did not abuse its discretion in excluding hearsay testimony about the inculpatory statement. Jones was able to present his defense that someone else

3

was responsible for the shooting in the parking lot. Moreover, the hearsay statement did not exonerate Jones because he was charged with unlawful possession of the firearm, not unlawful discharge.

Nor was the hearsay admissible as a present sense impression under Fed. R. Evid. 803(1) or a statement against interest under Fed. R. Evid. 804(b)(3). There was simply not enough evidence to show that the hearsay was uttered contemporaneously or substantially contemporaneously to the event. *See United States v. Parker*, 936 F.2d 950, 954 (7th Cir. 1991) (stating rationale for present sense impression exception to hearsay rule). Furthermore, Jones failed to show that the declarant was unavailable, as is required to admit a statement against interest when the declarant is not present. *See United States v. Alvarado*, 816 F.3d 242, 250 (4th Cir. 2016) (stating elements for admissibility of statement against interest).

## II

We have reviewed the district court's decision not to instruct the jury on the defense of involuntary intoxication and conclude that there was no abuse of discretion. *See United States v. Savage*, 885 F.3d 212, 222 (4th Cir. 2018) (stating standard of review). Under the circumstances of this case, the proposed instruction was incorrect and unsupported by the evidence. *United States v. Lespier*, 725 F.3d 437, 449 (4th Cir. 2013).

## III

In assessing whether the evidence is sufficient to support a conviction, we must determine "whether there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." *United States v. Palacios*,

677 F.3d 234, 248 (4th Cir. 2012) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (brackets and internal quotation marks omitted). Furthermore, "[d]eterminations of credibility are within the sole province of the jury and are not susceptible to judicial review." *Id.* (internal quotation marks omitted). If evidence supports different, reasonable interpretations, the jury decides which interpretation to believe. *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994). A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden, *United States v. Robinson,* 855 F.3d 265, 268 (4th Cir. 2017), and "[r]eversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *United States v. Ashley*, 606 F.3d 135, 138 (4th Cir. 2010) (internal quotation marks omitted).

"To show a § 922(g)(1) violation, the government must prove three elements: (i) that the defendant was a convicted felon at the time of the offense; (ii) that he voluntarily and intentionally possessed a firearm; and (iii) that the firearm traveled in interstate commerce at some point." *United States v. Adams*, 814 F.3d 178, 183 (4th Cir. 2016) (internal quotation marks omitted). Jones stipulated that he was a convicted felon and that the recovered firearm was manufactured outside North Carolina. The only disputed element was whether Jones possessed the firearm. Possession can be actual, exclusive, constructive, or joint. *United States v. Gallimore*, 247 F.3d 134, 136-37 (4th Cir. 2001). "Possession, whether actual or constructive, can be extremely brief: a minute of possession is as much an offense as a year of possession." *United States v. Torres-Colon*, 790 F.3d

5

26, 32 (1st Cir. 2015) (internal quotation marks omitted). Viewing the evidence in the light most favorable to the government, we conclude that sufficient evidence supports the conviction.

IV

Finally, Jones contends the district court committed plain error by not sua sponte investigating the all-white jury. Because Jones did not pursue and preserve this contention in the district court, review is for plain error. *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018). To demonstrate plain error, Jones must show (1) error, (2) that was plain, and (3) that affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 731-32 (1993). We will not exercise out discretion to recognize the error unless the "error seriously affects the fairness, integrity[,] or public reputation of the judicial proceedings." *Id.* at 732 (internal quotation marks omitted). We have reviewed the record and find no plain error.

Accordingly, we affirm the judgment of conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*