**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-4741

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CORNELL LOUIS ROBINSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
J. Frederick Motz, Senior District Judge. (1:14-cr-00403-JFM-1)

Argued: March 24, 2017                                    Decided: April 25, 2017

Before WILKINSON, KING, and AGEE, Circuit Judges.

Affirmed by published opinion. Judge Wilkinson wrote the opinion, in which Judge King and Judge Agee joined.

**ARGUED:** John Robert Grimm, HARRIS, WILTSHIRE & GRANNIS, LLP, Washington, D.C., for Appellant. Patricia Corwin McLane, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee. **ON BRIEF:** James Wyda, Federal Public Defender, Baltimore, Maryland, Paresh Patel, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

WILKINSON, Circuit Judge:

Defendant-appellant Cornell Robinson was convicted after a three-day jury trial of various offenses related to the crime of carjacking. For the reasons that follow, the challenges to his convictions are lacking in merit.

I.

Around 3 a.m. on March 24, 2014, Precious Crawford began experiencing labor pains. She called her boyfriend, Kwazia Mitchell, to drive her to the hospital. As the couple was walking from Crawford's apartment to her car, they noticed three men carrying guns and wearing masks. The men were later identified as Robinson, Devery Kelley, and a third co-conspirator named Moe.

Crawford and Mitchell hurried to Crawford's car. Before Mitchell could unlock the car door for Crawford, Robinson started beating on the car window. Mitchell fled, leaving behind Crawford—who, being in labor, could not flee—as well as a key chain with the keys to the car and apartment. Robinson was carrying a handgun, and Kelley had a shotgun, and the two men pointed their guns at Crawford. They forced her to retrieve the key chain Mitchell had left and walked her to the apartment building. Robinson repeatedly threatened Crawford, asking her "Do you want to die?" J.A. 293.

The two men demanded that Crawford open the apartment door for them and get any money in the apartment. Crawford was unable to unlock the apartment door because she did not have the right key, which had fallen off of the key chain when Mitchell had fled. She told the men that she did not have the apartment key and begged to be allowed to go to the hospital to give birth. When the men realized that Crawford could not let

2

them into the apartment, Robinson grabbed the car key from her, and the two men drove away in her car.

The police soon found Robinson driving Crawford's car. After a chase through residential streets, Robinson drove the car into a cul-de-sac. Both men fled on foot and were quickly arrested. Robinson and Kelley had thrown their guns out of the car during the chase, and the police recovered a handgun and a shotgun, both loaded, from the path of the car chase.

On September 10, 2014, a grand jury returned a superseding indictment charging Robinson with carjacking, in violation of 18 U.S.C. § 2119; use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). The government dropped a fourth charge—for Hobbs Act robbery—before trial. Robinson's trial began on July 27, 2015. After three days of testimony from Kelley, Crawford, a neighbor who witnessed the carjacking, and police officers, the jury found Robinson guilty of all three charges. He now appeals.

## II.

Robinson first claims that there was insufficient evidence for his conviction of carjacking under 18 U.S.C. § 2119. To find a defendant guilty under § 2119, a jury must find that "the defendant '(1) with intent to cause death or serious bodily harm (2) took a motor vehicle (3) that had been transported, shipped or received in interstate or foreign commerce (4) from the person or presence of another (5) by force and violence or intimidation.'" *United States v. Foster*, 507 F.3d 233, 246 (4th Cir. 2007) (quoting *United*

3

*States v. Applewhaite*, 195 F.3d 679, 685 (3d Cir. 1999)). Here, Robinson argues that there was no evidence that he had an intent to cause death or serious bodily harm. Specifically, he contends that a reasonable jury could not have found that his actions were anything more than empty threats or that any intent existed at the moment he took Crawford's keys.

A defendant who challenges the sufficiency of the evidence "must overcome a heavy burden." *United States v. Hoyte*, 51 F.3d 1239, 1245 (4th Cir. 1995). In conducting a review of the sufficiency of the evidence, we ask "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). It is the responsibility of the jury, not ours, "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* at 319. We cannot "overturn a substantially supported verdict merely because [we] find[] the verdict unpalatable or determine[] that another, reasonable verdict would be preferable." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

Robinson is far from meeting that burden here. He first contends that his threats to Crawford were empty and that he would not have harmed her even if she had resisted his taking the car key. To obtain a § 2119 carjacking conviction, the government cannot show merely that a defendant tried to intimidate the victim; there must be evidence "that the defendant would have at least attempted to seriously harm or kill the driver if that action had been necessary to complete the taking of the car." *Holloway v. United States*,

4

526 U.S. 1, 12 (1999). Thus, this court has held that "holding a 'cold and hard' object" to a victim's neck—without any evidence that the object was a gun or that the defendant intended to do anything more than scare the victim—is not sufficient to show an intent to cause harm. *United States v. Bailey*, 819 F.3d 92, 97 (4th Cir. 2016).

Robinson argues that the element of "intent to cause death or serious harm" in connection with the car's taking was missing as a matter of law. He points to Kelley's testimony that the two would not have hurt Crawford because she was in labor and the fact that they did not hurt Crawford despite her failure to let them into the apartment. The government counters with evidence that Robinson was carrying a loaded gun pointed at Crawford and that he verbally threatened her by asking "Do you want to die?" J.A. 293. Perhaps a reasonable jury could draw a conclusion from all this evidence that Robinson's threats were a mere bluff. That is, however, a question of fact, and it is clearly the jury's duty, not ours, to decide it. Because there is evidence from which a rational fact finder could conclude that Robinson's threats were all too real, we cannot reverse the verdict. *See United States v. Washington*, 714 F.3d 962, 969 (6th Cir. 2013) (finding sufficient evidence of intent for carjacking where defendant pointed gun at victim and yelled "You think I'm playing?!"); *Foster*, 507 F.3d at 247 (finding sufficient evidence of intent for carjacking where defendant held gun to victim's head and ordered victim out of car).

Robinson also argues that there is no evidence that he possessed the requisite intent at the moment he grabbed the car keys out of Crawford's hand. The Supreme Court has instructed that, in order to sustain a conviction for carjacking, the defendant's intent to cause serious harm must exist "at the precise moment he demanded or took control

over the car." *Holloway*, 526 U.S. at 8. Other circuits have relied on this language to overturn carjacking convictions where the defendant stole a car to flee the scene of an assault or murder. *United States v. Harris*, 420 F.3d 467 (5th Cir. 2005); *Applewhaite*, 195 F.3d 679. In these cases, there was *no* evidence that the defendant had an intent to cause harm when he stole the car or that such an intent had any nexus to the stealing of the car. Rather, the defendant stole the car as "a mere 'afterthought'" to the violent crime. *Harris*, 420 F.3d at 474 (quoting *Applewhaite*, 195 F.3d at 685).

We need not say if *Harris* and *Applewhaite* reflect the law of this circuit because they would not in any event control this case. Robinson attempts to characterize his carjacking as an "afterthought" to the planned robbery of Crawford's apartment. But whether he originally planned to steal the car or not, Robinson grabbed Crawford's car keys while holding a loaded gun and after threatening her life. This is plenty of evidence of an intent to cause serious harm when he took control of the car. Even if this were a closer case, the question of Robinson's intent at the moment he stole the car is a question of fact for the jury. Courts must resist invading the jury's province by transforming questions of fact into matters of law.[*]

## III.

Robinson also challenges the indictment, contending that it was duplicitous because he was charged in one count for violating 18 U.S.C. § 922(g) both with the

---

[*] Robinson's challenge to his conviction for use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), depends on our vacating his conviction for carjacking. Because we sustain his conviction for carjacking, we must also sustain his conviction under § 924(c).

actual possession of the handgun he was carrying and with the constructive possession of the shotgun that Kelley was carrying. An indictment is duplicitous if it charges two offenses in one count, creating "the risk that a jury divided on two different offenses could nonetheless convict for the improperly fused double count." *United States v. Robinson*, 627 F.3d 941, 957 (4th Cir. 2010). Such a jury would not unanimously agree on the offense that the defendant committed, violating the defendant's Sixth Amendment right to a unanimous verdict. *United States v. Kakos*, 483 F.3d 441, 444 (6th Cir. 2007).

As an initial matter, this challenge is foreclosed by Robinson's failure to raise it before trial as required by Federal Rule of Criminal Procedure 12(b)(3)(B). This court generally will not review a belated duplicity challenge to an indictment absent a showing of good cause, *see United States v. King*, 628 F.3d 693, 699 (4th Cir. 2011); *Robinson*, 627 F.3d at 957; *United States v. Price*, 763 F.2d 640, 643 (4th Cir. 1985), or plain error. *United States v. Thomas*, 669 F.3d 421, 424–25 (4th Cir. 2012).

But there was no error at all in the indictment, let alone error that was "clear or obvious." *United States v. Lynn*, 592 F.3d 572, 577 (4th Cir. 2010). An indictment is duplicitous if it charges two offenses in one count, and Robinson contends that his possession of the handgun and the shotgun constituted two violations of § 922(g). However, the "simultaneous possession of multiple firearms generally constitutes only" one violation of § 922(g). *United States v. Dunford*, 148 F.3d 385, 390 (4th Cir. 1998) (quoting *United States v. Hutching*, 75 F.3d 1453, 1459 (10th Cir. 1996)). In other words, a defendant violates § 922(g) *once* when he possesses at *one* time and place "any firearm or ammunition," 18 U.S.C. § 922(g); it does not matter if he has one, two, three, or more

7

firearms. A defendant who possesses firearms or ammunition at different times or places, on the other hand, commits multiple violations of § 922(g). *United States v. Goodine*, 400 F.3d 202, 208 (4th Cir. 2005). Here Robinson committed one violation because he possessed the handgun and the shotgun at the same time and place, and the indictment properly charged this single violation in one count. In fact, had the indictment charged and the jury convicted Robinson on two counts of violating § 922(g), he would likely now be raising a multiplicity challenge to the indictment, arguing that he was being punished twice for a single violation of § 922(g). Duplicity and multiplicity are a Scylla and Charybdis of sorts, and the government navigated properly.

Nonetheless, Robinson argues that the two theories of possession—he actually possessed the handgun and constructively possessed the shotgun—should be treated as separate offenses because each requires different evidence and combining the two in one count creates the risk of a non-unanimous jury verdict. Robinson claims that our decision in *Goodine* created a new rule requiring a separate count for each firearm for which different evidence is required to prove possession. Far from creating this new rule, however, *Goodine* reiterated that "[t]he key to the *Dunford* decision was the fact that the multiple firearms involved in that prosecution were 'seized at the same time.'" *Goodine*, 400 F.3d at 208 (quoting *Dunford*, 148 F.3d at 390). The simultaneous possession of multiple firearms is still one violation of § 922(g) that should be charged in one count.

More fundamentally, Robinson's focus on the evidence required to prove an offense elides the distinction between different means of committing one offense and different offenses. An indictment is not duplicitous "if it includes in [one] count multiple

8

ways of committing a single offense." *United States v. Daugerdas*, 837 F.3d 212, 225 (2d Cir. 2016). Indeed, a jury can disagree on the means by which a defendant committed an offense, so long as it unanimously agrees that each element of the offense is satisfied. *Richardson v. United States*, 526 U.S. 813, 817 (1999). Here, Robinson's offense was the possession of "any firearm." 18 U.S.C. § 922(g). The jury could disagree on the means by which he committed that offense—that is, which firearm he possessed or how he came to possess the firearm. The jury did unanimously agree, though, that at the time that he committed the carjacking, Robinson was a felon in possession of "any firearm." Because the jurors agreed on the elements of the offense that he committed, it matters not that they may have disagreed on this or that item of evidence, and Robinson received the unanimous verdict to which he was entitled.

IV.

For the foregoing reasons, we reject Robinson's challenges, and his convictions are

*AFFIRMED*.