**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4836**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN GLENN BARTLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:15-cr-00018-IMK-MJA-1)

Submitted: September 29, 2017                    Decided: October 11, 2017

Before NIEMEYER, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Barry P. Beck, POWER, BECK & MATZUREFF, Martinsburg, West Virginia, for Appellant. Sarah W. Montoro, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Glenn Bartley appeals his convictions and 71-month sentence after a jury found him guilty of three counts of stalking, in violation of 18 U.S.C.A. §§ 2261A(2)(B), 2261(b)(5), (6) (West 2015), and one count of interstate travel to violate a protective order, in violation of 18 U.S.C. §§ 2262(a)(1), (b)(5), (6) (2012) (J.A. 21-24). On appeal, Bartley challenges the sufficiency of the evidence supporting his § 2262(a)(1) conviction and the district court's admission of certain testimony, refusal to give his requested "harassment" instruction, and application of an upward departure based on the extreme psychological injury to the victim. We affirm.

Bartley argues that the district court should not have admitted testimony from his former fiancée under Fed. R. Evid. 404(b) and 403. "Federal Rule of Evidence 404(b)(1) provides that evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *United States v. Hall*, 858 F.3d 254, 265 (4th Cir. 2017) (brackets and internal quotation marks omitted). "Although 'other acts' evidence is not admissible to prove criminal propensity, such evidence 'may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'" *Id.* at 266 (quoting Fed. R. Evid. 404(b)(2)). "To be admissible under Rule 404(b), the evidence must be (1) relevant to an issue other than the general character of the defendant, (2) necessary to prove an essential claim or element of the charged offense, and (3) reliable." *United States v. Sterling*, 860 F.3d 233, 246 (4th Cir. 2017). "Additionally, Rule 403 demands that the evidence's probative value not be

2

substantially outweighed by its unfair prejudice to the defendant." *Id.* at 246-47; *see also United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997). We have reviewed the trial transcript with these standards in mind and conclude that the district court did not abuse its discretion in admitting the challenged testimony under Rules 404(b) and 403. *See Hall*, 858 F.3d at 264 (stating standard of review).

Next, Bartley argues that the district court's failure to adopt his definition of "harassment," which required words, actions, or conduct that the victim directly received or observed, impaired his ability to present his defense. We review de novo whether the district court properly instructed the jury on the applicable law. *United States v. Woods*, 710 F.3d 195, 207 (4th Cir. 2013). "A district court's decision to give (or not to give) a jury instruction is reviewed for abuse of discretion" and will "amount[] to reversible error only if the proffered instruction: (1) was correct, (2) was not substantially covered by the charge that the district court actually gave to the jury, and (3) involved some point so important that the failure to give the instruction seriously impaired the defendant's defense." *United States v. Hager*, 721 F.3d 167, 184 (4th Cir. 2013) (brackets, ellipsis, and internal quotation marks omitted).

Bartley correctly notes that the stalking statute, 18 U.S.C.A. § 2261A(2)(B), does not define the terms "harass" or "harassment." Although Bartley asserts that violation of the statute could only be predicated on harassment directed at Witt, not at third parties, he provides no legal support for that assertion. We conclude that the district court properly instructed the jury that Bartley's conduct could be directed at third parties but that the jury must "find beyond a reasonable doubt that he specifically intended for such words, conduct,

3

or actions to annoy, alarm, or cause substantial emotional distress to [the victim]." (Joint App'x 538-39); *see United States v. Osinger*, 753 F.3d 939, 941 (9th Cir. 2014) (upholding stalking conviction where defendant "sent several threatening and sexually explicit text messages, emails, and photographs of [the victim] to [the victim], as well as to her co-workers and friends"); *United States v. Petrovic*, 701 F.3d 849, 860 (8th Cir. 2012) (upholding stalking conviction where defendant sent sexually explicit pictures of his ex-wife to her place of employment, her boss, and her relatives). Therefore, this claim fails.

Bartley also argues that the evidence does not support his conviction for interstate travel to violate a protective order under 18 U.S.C. § 2262(a)(1). In reviewing the sufficiency of the evidence, we consider "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Robinson*, 855 F.3d 265, 268 (4th Cir. 2017). In doing so, we recognize that it is the jury's task "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* (internal quotation marks omitted). Our review of the trial transcript leads us to conclude that the evidence supports Bartley's § 2262(a)(1) conviction.

Finally, Bartley argues that the district court erred when it upwardly departed one offense level under U.S. Sentencing Guidelines Manual § 5K2.3, p.s. (2015), for extreme psychological injury to the victim. We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "When reviewing a departure,

4

we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Howard*, 773 F.3d 519, 529 (4th Cir. 2014) (internal quotation marks omitted). We give "considerable deference" to a district court's application of an upward departure for psychological injury to a victim. *United States v. Gary*, 18 F.3d 1123, 1129 (4th Cir. 1994) (internal quotation marks omitted). Although Bartley asserts that the district court did not make any findings regarding the victim's mental state and psychological injury as compared to that normally resulting from the commission of the offense, the record belies his argument. Accordingly, we conclude that the district court did not err in applying § 5K2.3, p.s., and that the extent of the departure is reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*