**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4841**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DOUGLAS DURAN CERRITOS, a/k/a Lil Poison, a/k/a Guason,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:16-cr-00104-LMB-1)

Submitted:  November 30, 2017                    Decided:  December 13, 2017

Before AGEE, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph R. Conte, LAW OFFICE OF J.R. CONTE, Washington, D.C.; Charles Jay Soschin, LAW OFFICE OF C.J. SOSCHIN, Washington, D.C.; Dwight E. Crawley, LAW OFFICE OF DWIGHT CRAWLEY, Washington, D.C. for Appellant.  Dana J. Boente, United States Attorney, Tobias D. Tobler, Christopher J. Catizone, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Douglas Duran Cerritos was convicted of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1), (2) (2012), and received a mandatory life sentence without parole. On appeal, Cerritos contends that the evidence was insufficient to prove beyond a reasonable doubt that he was a member of a criminal enterprise that affected interstate commerce or that he knowingly participated in the murder. Cerritos also contends that his mandatory life sentence without parole violates his Eighth Amendment protection against cruel and unusual punishment. We affirm.

An appellant challenging the sufficiency of the evidence "must overcome a heavy burden." *United States v. Robinson*, 855 F.3d 265, 268 (4th Cir. 2017) (internal quotation marks omitted). After viewing the evidence in the light most favorable to the government, we must decide whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks omitted). A "substantially supported verdict" cannot be overturned simply because another verdict "would be preferable." *Id.* (internal quotation marks omitted).

In order to establish murder in aid of a racketeering enterprise under 18 U.S.C. § 1959(a)(1), the government must show:

(1) that there was an enterprise engaged in racketeering activity;

(2) that the enterprise's activities affected interstate commerce;

(3) that the defendant committed murder; and

(4) that the defendant, in committing murder, acted in response to payment or a promise of payment by the enterprise or "for the purpose of gaining entrance to or maintaining or increasing position in an enterprise."

2

*United States v. Umana*, 750 F.3d 320, 334-35 (4th Cir. 2014) (quoting 18 U.S.C. § 1959(a)(1)).

Here, through the testimony of several witnesses, the Government established that Cerritos was a member of the Park View Locos Salvatruchas (PVLS), one of several cliques in northern Virginia belonging to Mara Salvatrucha, or MS-13. Testimony from an expert and former gang members showed that the PVLS was an enterprise that raised money through dues and criminal conduct, especially drug trafficking. The money was wired to incarcerated gang members in El Salvador or used to buy weapons and more drugs. The PVLS, like MS-13's other cliques, held regular meetings, maintained control over members by imposing a strict regimen of rules with harsh and violent repercussions, and took action against rival gang members. The PVLS had a hierarchy, code words, rituals, and rules that it shared in common with MS-13. *See Boyle v. United States*, 556 U.S. 938, 945 (2009) (defining enterprise); *United States v. Turkette*, 452 U.S. 576, 580 (1981) (noting indicia of an enterprise). Additionally, the evidence clearly established that the PVLS engaged in criminal conduct that affected interstate commerce. *United States v. Lopez*, 860 F.3d 201, 208 (4th Cir.), *cert. denied,* __ S. Ct. __, 2017 WL 4168401 (U.S. Oct. 30, 2017) (No. 17-6044) (drug dealing is an inherently economic activity affecting interstate commerce).

We also conclude that the evidence clearly established that Cerritos was a knowing and voluntary participant in the murder. He had a role in the decision to murder

3

the victim and participated in the planning and execution. Contrary to Cerritos' claim, he was not just a bystander.

Finally, Cerritos claims that his mandatory life sentence without the possibility of parole violates his Eighth Amendment protection against cruel and unusual punishment because the district court could not consider Cerritos' youth or his lack of criminal history as mitigating sentencing factors. Cerritos relies on *Miller v. Alabama*, 567 U.S. 460 (2012), which held that a mandatory life sentence without parole for persons less than 18 years of age at the time of the crime violates the Eighth Amendment. However, Cerritos was 18 years old when he participated in the murder. Furthermore, despite the severity of the sentence, the district court was not constitutionally obligated to consider mitigating sentencing factors. *See Harmelin v. Michigan*, 501 U.S. 957, 994-95 (1991) (holding that sentencing court not required to consider mitigating sentencing factors before imposing mandatory life sentence).

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*