**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4399**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SITESH BANSI PATEL,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, District Judge. (1:16-cr-00034-JPJ-PMS-1)

Submitted: March 30, 2018                    Decided: April 25, 2018

Before WILKINSON, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul G. Beers, Emma M. Kozlowski, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellant. Rick A. Mountcastle, United States Attorney, Roanoke, Virginia, Jennifer R. Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury found Sitesh Bansi Patel guilty of conspiring to traffic in misbranded drugs and to defraud the United States Food and Drug Administration, in violation of 18 U.S.C. § 371 (2012); 21 U.S.C. §§ 331(a), (c), (p), 333(a)(2), 360(j) (2012) (Count One); conspiring to commit mail fraud, in violation of 18 U.S.C. §§ 1341, 1349 (2012) (Count Two), and other related counts. On appeal, Patel argues that the government improperly characterized the events underlying his crimes as a single enterprise rather than two conspiracies, thus Count One and Count Two should have been dismissed as duplicitous. Patel alternatively argues prejudicial variance, contending that the evidence presented at trial showed separate crimes and thus was insufficient to prove the single charged conspiracy. Because the two counts in the indictment were not duplicitous and the evidence presented at trial did not show a material variance, we affirm.

"An indictment is duplicitous if it charges two offenses in one count, creating the risk that a jury divided on two different offenses could nonetheless convict for the improperly fused double count." *United States v. Robinson*, 855 F.3d 265, 269 (4th Cir. 2017). However, "[a]n indictment is not duplicitous if it includes in one count multiple ways of committing a single offense." *Id.* at 270 (brackets and internal quotation marks omitted). Because Patel raised this argument in the district court, we review his duplicity argument de novo. *See United States v. Stewart*, 256 F.3d 231, 247 (4th Cir. 2001) (reviewing multiplicity argument de novo).

Counts One and Two alleged that, from 2008 until 2011, Patel, Steve Wood, Guillermo Ramos, and others, manufactured and distributed M-Drol and H-Drol, two

2

supplements that contained illegal pro-hormones. Patel does not deny that he participated in the conspiracy; rather, Patel argues that the indictment improperly combined two separate conspiracies in Counts One and Two, particularly because of an 18-month gap in M-Drol and H-Drol production, his changing role in the production, and his different alleged co-conspirators.

"[A] single conspiracy exists when the conspiracy had the same objective, it had the same goal, the same nature, the same geographic spread, the same results, and the same product." *United States v. Jeffers*, 570 F.3d 557, 567 (4th Cir. 2009). "Whether there is a single conspiracy or multiple conspiracies depends upon the overlap of key actors, methods, and goals." *United States v. Leavis*, 853 F.2d 215, 218 (4th Cir. 1988).

We do not find Patel's arguments persuasive. The indictment alleged a single enterprise that sought to create and distribute products containing illegal pro-hormones. The indictment alleged facts showing interdependence and cooperation between Patel, Wood, and Ramos; that interdependence was required to manufacture H-Drol and M-Drol. Although Patel stopped producing M-Drol and H-Drol, he maintained a presence in the conspiracy by working with Wood and Ramos to facilitate the production of the substances, and he took affirmative steps to deliver materials or payments between his co-conspirators. Furthermore, even though the indictment did not mention that Wood initially operated under the alias "Brian Riddle," the use of this persona did not undermine the existence of a single conspiracy, because Patel worked with the same distributor, Competitive Edge Labs, throughout the period in question. We therefore conclude that the indictment described one conspiracy involving the same distributor, products, people, and overarching

3

business model, and the district court did not err when it denied Patel's motion to dismiss on grounds of duplicity.

"In general, a 'variance' occurs when the evidence at trial establishes facts materially different from those alleged in the indictment." *United States v. Kennedy*, 32 F.3d 876, 883 (4th Cir. 1994). "In a conspiracy prosecution, a defendant may establish the existence of a material variance by showing that the indictment alleged a single conspiracy but that the government's proof at trial established the existence of multiple, separate conspiracies." *Id.* "[T]he question whether the evidence shows a single or multiple conspiracies is for the jury . . . [and] the finding of a single conspiracy must stand unless the evidence, taken in the light most favorable to the government, would not allow a reasonable jury so to find." *United States v. Urbanik*, 801 F.2d 692, 695 (4th Cir. 1986).

We have reviewed the record and conclude that the government's evidence did not materially vary from the conspiracy charged in the indictment. Further, we conclude that the evidence sufficiently supported the jury's verdict when viewed in the light most favorable to the Government. The testimony elicited from Patel and his alleged co-conspirators established the existence of a single conspiracy that involved similar techniques, distribution channels, parties, and the same illegal products. The fact that Patel stopped producing the illegal substances before resuming a different role in the conspiracy does not unequivocally show that the conspiracy was terminated or that multiple conspiracies were formed. *See Leavis*, 853 F.2d at 218-19 (single conspiracy does not require continuous activity). Therefore, the district court did not err in denying Patel's Federal Rule of Criminal Procedure 29 motion for acquittal.

4

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*