**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4724**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL HOPSON, a/k/a O.G., a/k/a Hop, a/k/a Big Homie,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Arenda L. Wright-Allen, District Judge. (4:13-cr-00096-AWA-DEM-2)

Submitted: October 18, 2018                 Decided: November 5, 2018

Before AGEE, KEENAN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jamison P. Rasberry, RASBERRY LAW, P.C., Virginia Beach, Virginia; Andrew A. Protogyrou, PROTOGYROU & RIGNEY, PLC, Norfolk, Virginia, for Appellant. Tracy Doherty-McCormick, Acting United States Attorney, Michael J. Frank, Special Assistant United States Attorney, Alexandria, Virginia, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a five-day trial, a jury convicted Michael Hopson of several crimes related to an extensive racketeering conspiracy. As relevant to this appeal, Hopson was convicted of racketeering (RICO) conspiracy, in violation of 18 U.S.C. § 1962(d) (2012) (Count 1); murder in aid of racketeering (and aiding and abetting), in violation of 18 U.S.C. §§ 1959(a)(1), (2) (2012) (Count 2); and conspiracy to commit murder in aid of racketeering, and attempted murder in aid of racketeering (and aiding and abetting), in violation of 18 U.S.C. §§ 1959(a)(5), 2 (2012) (Counts 6 & 7). The district court sentenced Hopson to concurrent terms of life imprisonment on Counts 1 and 2, and concurrent 120-month sentences on Counts 6 and 7.[*] Hopson appeals, challenging the sufficiency of the Government's evidence on these counts of conviction. We affirm.

An appellant challenging the sufficiency of the evidence "must overcome a heavy burden." *United States v. Robinson*, 855 F.3d 265, 268 (4th Cir. 2017) (internal quotation marks omitted). After viewing the evidence in the light most favorable to the Government, we must decide whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (emphasis and internal quotation marks omitted). It is the jury's responsibility, "not ours, to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts

---

[*] Hopson was also convicted of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (2012) and 21 U.S.C. § 846 (2012), but does not challenge that conviction or the related 60-month concurrent sentence.

2

to ultimate facts." *Id*. (internal quotation marks omitted). In deciding this question, this court "defer[s] to the jury's determinations of credibility and resolutions of conflicts in the evidence, as they are within the sole province of the jury and are not susceptible to judicial review." *United States v. Louthian*, 756 F.3d 295, 303 (4th Cir. 2014). We will not "overturn a substantially supported verdict" simply because we believe "the verdict unpalatable" or conclude that "another, reasonable verdict would be preferable." *Robinson*, 855 F.3d at 268 (internal quotation marks omitted).

Hopson's primary appellate argument pertains to Count 1. Specifically, Hopson contends that the Government failed to establish a "sufficient relationship" between the crimes described by the Government's witnesses, most of whom were members of the Black P-Stones ("BPS"), the criminal gang led by Hopson, and an agreement toward a common purpose. Hopson concedes the instances of criminality these witnesses described, but posits that the witnesses were engaged in these crimes for their own gain rather than that of the BPS.

But when the trial evidence is viewed in the light most favorable to the Government, with all of the attendant reasonable inferences drawn in the Government's favor, *see United States v. Savage*, 885 F.3d 212, 219-20 (4th Cir.) (observing that, upon review of the denial of a Fed. R. Crim. P. 29 motion, this Court allows "the government the benefit of all reasonable inferences from the facts proven to those sought to be established"), *cert. denied*, No. 18-5225, 2018 WL 3417529 (U.S. Oct. 1, 2018), it supports the jury's finding that this set of the BPS was a qualifying enterprise and that the witnesses, led by Hopson, agreed to commit the predicate acts of murder, attempted

3

murder, robbery, burglary, and distribution of marijuana, *see United States v. Cornell*, 780 F.3d 616, 624 (4th Cir. 2015) (explaining that to sustain a RICO conspiracy conviction, "[t]he partners in the criminal plan need only agree to pursue the same criminal objective, regardless of whether that criminal objective is ever started or carried out" (internal quotation marks omitted)). As we have explained, "a RICO enterprise need not have a rigid structure," so long as it "at least consist[s] of an ongoing organization that functions as a continuing unit." *United States v. Pinson*, 860 F.3d 152, 162 (4th Cir. 2017) (per curiam) (alteration and internal quotation marks omitted). This is precisely what the Government demonstrated vis-à-vis the testimonial evidence regarding BPS meetings, the ritualized initiation process, the tiered disciplinary regime, and the unified efforts of BPS members to commit predicate acts. *Accord United States v. Olson*, 450 F.3d 655, 664 (7th Cir. 2006) (observing that, "in informal organizations such as criminal groups, there must be some structure, to distinguish an enterprise from a mere conspiracy, but there need not be much" (internal quotation marks omitted)). The record establishes—at a minimum—that members of the BPS benefited from these individuals' shared efforts in trafficking illegal drugs, protecting the gang's territories from outsiders, and violently discouraging disloyalty within its ranks. We thus conclude the Government proffered sufficient evidence from which the jury could reasonably find the elements of "relationship" and "purpose," as required by *Boyle v. United States*, 556 U.S. 938, 946 (2009).

Hopson next contests the sufficiency of the evidence of his guilt on Count 2, in which he was charged with murder in aid of racketeering (and aiding and abetting), in

4

violation of 18 U.S.C. §§ 1959(a)(1), (2). This count is related to indicted codefendant Darius Crenshaw's murder of fellow BPS member, Enrique Shaw. Hopson contends that the Government failed to adduce sufficient evidence to demonstrate that he shared Crenshaw's criminal intent and, further, that the weight of the trial evidence established that Crenshaw was acting outside the scope of the BPS when he murdered Shaw.

Under federal law, one who "aids, abets, counsels, commands; induces or procures" the commission of a crime is punishable as a principal. 18 U.S.C. § 2. To prove aiding and abetting, the Government must establish the defendant (1) took "an affirmative act in furtherance of [an] offense, (2) with the intent of facilitating the offense's commission." *Rosemond v. United States*, 572 U.S. 65, 71 (2014).

Fatal to Hopson's argument is the testimony of Desmond Finnell, another indicted codefendant and BPS member. Specifically, Finnell testified that Hopson directed Crenshaw to murder Shaw in retaliation for Shaw's perceived disloyalty. Accepting Finnell's testimony on this point, *see Robinson*, 855 F.3d at 268, it cannot be disputed that Hopson acted in furtherance of the murder by ordering Crenshaw to murder Shaw— even though Hopson was not present for the murder or otherwise involved in its execution. *See United States v. Argueta*, 470 F. App'x 176, 178, 182 (4th Cir. 2012) (unpublished after argument) (affirming convictions for murder in aid of racketeering and conspiracy to commit murder in aid of racketeering based on witness testimony that defendant "'greenlight[ed]'" the murder). We thus conclude the Government's evidence was sufficient to support the jury's guilty verdict on Count 2 under a theory of aiding and abetting.

5

Finally, we consider Hopson's challenge to the legal sufficiency of the Government's evidence of his guilt on Counts 6 and 7. These counts relate to the March 9, 2009, shooting by two other BPS members, Marcellus Williams and Anthony Steward. Specifically, Williams testified that Arnold Tucker, a rival gang member, had been searching for, and threatening to kill, Williams. When Williams and Steward happened upon Tucker's mother's home, where they believed Tucker lived, they shot at it repeatedly. Hopson contends that the Government's evidence was legally insufficient to demonstrate his shared criminal intent because (1) Hopson was not present for the shooting; and (2) the men acted without Hopson's prior authorization.

This argument, like the prior two, fails to account for the facts viewed in the light most favorable to the Government. Williams explained that seeking Hopson's approval for this shooting was not necessary because Hopson previously directed members of the BPS to shoot all rival gang members. Other members of the BPS corroborated this directive. We conclude that this evidence was sufficient to demonstrate that Hopson— the identified leader of the BPS who specifically directed BPS members to kill rival gang members in retaliation for the rival gangs' attacks on the BPS—was guilty of both conspiracy to commit murder, and aiding and abetting attempted murder, in aid of racketeering. *See, e.g.*, *United States v. Smith*, 413 F.3d 1253, 1278 (10th Cir. 2005) ("A conviction under § 1959(a) will stand even when the underlying crime was sanctioned by a high-ranking leader of the RICO enterprise, if the high-ranking leader was expected to act and any failure to do so would have undermined his position in the enterprise."),

6

*overruled on other grounds, United States v. Hutchinson*, 573 F.3d 1011, 1020-22 (10th Cir. 2009).

For these reasons, we affirm the district court's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*