**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4736**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUANITA CARRIE HAYNES,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., Senior District Judge.  (2:18-cr-00261-1)

Submitted:  July 31, 2020                      Decided:  September 11, 2020

Before KING, RICHARDSON, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David O. Schles, Charleston, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, Monica D. Coleman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juanita Carrie Haynes was convicted by a jury of conspiracy to distribute 50 grams or more of methamphetamine and distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2018). The district court sentenced Haynes to 108 months' imprisonment. On appeal, Haynes contends that the district court erred by denying her motions to suppress, for judgment of acquittal, and for a new trial. We affirm.

In reviewing the denial of a motion to suppress, this court reviews the district court's "legal conclusions de novo and its factual findings for clear error, considering the evidence in the light most favorable to the government." *United States v. Kolsuz*, 890 F.3d 133, 141-42 (4th Cir. 2018). "When reviewing factual findings for clear error, [w]e particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) (internal quotation marks omitted) (quoting *United States v. Ali*, 528 F.3d 210, 232 (4th Cir. 2008)).

The district court found credible police officers' testimony that Haynes knowingly and voluntarily waived her rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), and accepted their reasons for failing to have Haynes waive her rights in writing. We have reviewed the record and find no reversible error in the court's denial of Haynes' motion to suppress.

Next, Haynes contends that there was insufficient evidence to support her convictions and that the district court therefore erred by denying her motions for judgment of acquittal and for a new trial. We review de novo the denial of a motion for judgment of

2

acquittal and the denial of a motion for a new trial for abuse of discretion. *United States v. Burfoot*, 899 F.3d 326, 334, 340 (4th Cir. 2018). "We must sustain a guilty verdict if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence." *Id.* at 334. "Substantial evidence is that which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). Thus, we ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Robinson*, 855 F.3d 265, 268 (4th Cir. 2017) (internal quotation marks omitted). In conducting this inquiry, we are "not entitled to assess witness credibility, and we assume that the jury resolved any conflicting evidence in the prosecution's favor." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir.), *cert. denied*, 139 S. Ct. 238 (2018) (quoting *United States v. Taylor*, 659 F.3d 339, 343 (4th Cir. 2011)). "A defendant bringing a sufficiency challenge must overcome a heavy burden. . . . [R]eversal for insufficiency must be confined to cases where the prosecution's failure is clear." *United States v. Palomino-Coronado*, 805 F.3d 127, 130 (4th Cir. 2015) (internal quotation marks omitted) (quoting *United States v. Hoyte*, 51 F.3d 1239, 1245 (4th Cir. 1995); *Burks v. United States*, 437 U.S. 1, 17 (1978)). We have reviewed the record and conclude that substantial evidence supported the jury's finding of guilt.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3