**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 16-4401**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTHONY TERRELL CANNON,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge.  (8:13-cr-00047-DKC-3)

───────────

Submitted:  April 28, 2023                    Decided:  July 13, 2023

───────────

Before DIAZ, Chief Judge, KING, Circuit Judge, and FLOYD, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:**  Christopher M. Davis, Mary E. Davis, DAVIS & DAVIS, Washington, D.C., for Appellant.  Erek L. Barron, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Terrell Cannon was convicted after a trial of several offenses stemming from the robbery of an armored vehicle and a later carjacking. Cannon asserts that the district court erred when it allowed the Government to qualify an FBI agent as an expert in the area of reviewing inmate telephone calls. He also asserts that the evidence is insufficient to support his convictions for carjacking, using a firearm in relation to the carjacking, and transporting the stolen vehicle in interstate commerce. We affirm.

We review for abuse of discretion the district court's decision on the admissibility of evidence. A court abuses its discretion if the ruling is arbitrary and irrational. *United States v. Palacios*, 677 F.3d 234, 242 (4th Cir. 2012). "A witness who is qualified as an expert by knowledge, skill, experience, training, or education" may give opinion and other testimony if: "the expert's . . . knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; . . . the testimony is based on sufficient facts or data" and "is the product of reliable principles and methods; and . . . the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. "[A] district court must ensure that the expert is qualified and that the expert's testimony is both relevant and reliable. In performing this gatekeeping role, a district court is not intended to serve as a replacement for the adversary system, and consequently, the rejection of expert testimony is the exception rather than the rule." *United States v. Smith*, 919 F.3d 825, 835 (4th Cir. 2019) (noting that FBI agent's experience qualified him as an expert in drug and gang terminology (citation and internal quotation marks omitted)).

2

We conclude that the district court did not abuse its discretion in permitting the agent to testify as an expert in reviewing recorded inmate telephone calls. The agent had years of experience in investigating violent crimes and armored vehicle robberies and had listened to over 100 hours of recorded inmate telephone calls. The agent's testimony was brief and very limited. He only testified that, in his opinion, based on his experience in listening to recorded inmate telephone calls, the inmates may use language to mask the true nature of the subject of the phone call. And even if there was error, the error was harmless because of the limited nature of the testimony and sufficiency of the evidence. We also conclude that there was no plain error based on the claim that Cannon may not have been advised that the agent would be offered as an expert. *United States v. Carthorne*, 726 F.3d 503, 510 (4th Cir. 2013) (stating elements of plain error review).

We review de novo a challenge to the sufficiency of the evidence. *United States v. Bran*, 776 F.3d 276, 279 (4th Cir. 2015). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the conviction when viewed in the light most favorable to the Government. *United States v. Haas*, 986 F.3d 467, 477 (4th Cir. 2021). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). In all events, "[i]t is the responsibility of the jury, not ours, to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *United States v. Robinson*, 855 F.3d 265, 268 (4th Cir. 2017) (internal quotation marks omitted). And "as a general proposition, circumstantial evidence may be sufficient to support a guilty

3

verdict even though it does not exclude every reasonable hypothesis consistent with innocence." *United States v. Barringer*, 25 F.4th 239, 252 (4th Cir. 2022) (internal quotation marks omitted).

"A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted). This Court "must view the evidence in the light most favorable to the government and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Devine*, 40 F.4th 139, 146 (4th Cir. 2022) (internal quotation marks omitted). "[T]his Court must give full play to the jury to resolve testimonial conflicts, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts[.]" *United States v. Dennis*, 19 F.4th 656, 665 (4th Cir. 2021) (internal quotation marks omitted).

Cannon asserts that no witness identified him as being present for the carjacking or participating in taking the stolen vehicle in interstate commerce. But we conclude that a jury could determine beyond a reasonable doubt that Cannon was present for the carjacking, when the car's owner was shot and severely wounded, after abandoning the getaway vehicle used in the armored vehicle robbery. And that he and others were in the stolen vehicle when it was driven into Washington, D.C. shortly after the carjacking.

4

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*