**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4508**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DOMINIQUE DEVONAH BRAND,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence. Sherri A. Lydon, District Judge.  (4:21-cr-00241-SAL-1)

_____

Submitted:  February 21, 2025                    Decided:  March 19, 2025

_____

Before KING and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Mario A. Pacella, STROM LAW FIRM, L.L.C., Columbia, South Carolina, for Appellant.  Kathleen Michelle Stoughton, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dominique Devonah Brand appeals his convictions following a bench trial for kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a)(1), (2); carjacking resulting in death, in violation of 18 U.S.C. § 2119(3); and using a firearm during or in relation to a crime of violence resulting in death, in violation of 18 U.S.C. § 924(j)(1), (2). On appeal, he argues that his convictions are not supported by sufficient evidence. We affirm.

"We review judgments resulting from a bench trial under a mixed standard of review: factual findings may be reversed only if clearly erroneous, while conclusions of law are examined de novo." *United States v. Landersman*, 886 F.3d 393, 406 (4th Cir. 2018) (cleaned up). We "should uphold a guilty verdict if, taking the view most favorable to the Government, there is substantial evidence to support the verdict." *United States v. Kuehner*, 126 F.4th 319, 328 (4th Cir. 2025) (internal quotation marks omitted). "Substantial evidence means evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Sutton*, 126 F.4th 869, 874 (4th Cir. 2025) (internal quotation marks omitted).

Brand raises several challenges on appeal. First, he generally argues that the evidence presented at trial was insufficient to connect him to the crimes for which he was convicted. We disagree. Brand's DNA was found in Elvington's home, on items recovered from inside and near her vehicle, and in the stolen church van discovered on her property. Elvington's DNA was found on the hooded sweatshirt Brand was wearing when he was

brought in for questioning.  And surveillance footage from the night of Elvington's death shows a Black man wearing a hoodie—which evidence shows could be the same hoodie Brand wore during his interview with law enforcement—getting out of the back seat of Elvington's car, directing Elvington into the back seat, moving an item that could be a shotgun to the front seat, and taking control of the vehicle.  Viewed in the light most favorable to the Government, this evidence sufficiently connects Brand to the offenses.

Regarding the kidnapping offense, Brand argues that the Government failed to present sufficient evidence to establish Elvington's lack of consent.  In a prosecution under § 1201(a), the Government must prove "(1) that the victim was seized, confined, inveigled, decoyed, kidnapped, abducted or carried away; (2) that the victim was held; (3) that the victim was transported interstate; and (4) that death resulted." *United States v. Lentz*, 524 F.3d 501, 512 (4th Cir. 2008).  "Satisfying the elements of § 1201(a) . . . necessarily implies an unlawful physical or mental restraint for an appreciable period against the person's will and with a willful intent so to confine the victim." *United States v. Murillo*, 826 F.3d 152, 160 (4th Cir. 2016) (internal quotation marks omitted).

Our review of the record leads us to conclude that sufficient evidence supports the district court's finding that Elvington did not consent to the events of this case.  A shotgun was fired into the floor of Elvington's home, and Elvington did not own a shotgun. Elvington acted out-of-character on the phone, did not tell her children that there was someone else in the car with her, and repeatedly refused to stop her car.  And the totality of the evidence strongly suggests that Elvington did not willingly get out of her car at an

3

abandoned grocery store and walk behind the building to her death. We therefore conclude that sufficient evidence supports the kidnapping conviction.

Brand next contends that, as to the carjacking offense, there was insufficient evidence to establish his specific intent to cause death or serious bodily injury. In a prosecution under § 2119(3), the Government must establish "that the defendant (1) with intent to cause death or serious bodily harm (2) took a motor vehicle (3) that had been transported, shipped or received in interstate or foreign commerce (4) from the person or presence of another (5) by force and violence or intimidation" and (6) "that death resulted from the defendant's taking or attempted taking of the vehicle." *United States v. Blake*, 571 F.3d 331, 351 (4th Cir. 2009) (cleaned up). "To satisfy the intent element, the government must show that the defendant unconditionally intended to kill or seriously injure the car's driver or that the defendant possessed a conditional intent to kill or seriously injure the car's driver should such violence become necessary." *United States v. Bailey*, 819 F.3d 92, 95 (4th Cir. 2016) (emphasis omitted). In other words, "there must be evidence that the defendant would have at least attempted to seriously harm or kill the driver if that action had been necessary to complete the taking of the car." *United States v. Robinson*, 855 F.3d 265, 268 (4th Cir. 2017) (internal quotation marks omitted). This intent must be "directed at the driver at the precise moment of taking the car." *United States v. Fulks*, 120 F.4th 146, 160 (4th Cir. 2024) (internal quotation marks omitted).

We conclude that the district court did not clearly err in finding Brand had the requisite intent. *See Robinson*, 855 F.3d at 269 (noting intent is a question of fact). Viewed in the light most favorable to the Government, the evidence shows that Brand brought a

4

shotgun into Elvington's home and shot it into her floor before having Elvington drive him across state lines. When Elvington eventually pulled over in front of a police station, she had just been on an extended call with an OnStar representative and her son, who repeatedly asked her where she was and told her to stop the car. Brand then took control to the vehicle, and Elvington stopped responding on the call. Brand also moved a large black item from the back seat to the front seat of the car. Brand ultimately killed Elvington and drove away in her vehicle. Accordingly, substantial evidence shows Brand had the specific intent "to seriously harm or kill" Elvington if necessary "to complete the taking of the car." *Robinson*, 855 F.3d at 268 (internal quotation marks omitted).

Finally, based on his assertions that his other convictions are not supported by sufficient evidence, Brand argues that there is insufficient evidence to show that he used a firearm during or in relation to a crime of violence. We disagree, as there is sufficient evidence to support Brand's other convictions.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*