**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4001

UNITED STATES,

Plaintiff − Appellee,

v.

DONTERIUS JAMEL HILL,

Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:21–cr–00827–JFA–2)

Submitted:  March 4, 2025                        Decided:  April 16, 2025

Before DIAZ, Chief Judge, and HARRIS and BERNER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Elizabeth Anne Franklin-Best, ELIZABETH FRANKLIN-BEST, P.C., Columbia, South Carolina, for Appellant.  Andrea Gwen Hoffman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donterius Hill, who lives in Charlotte, North Carolina, was tried and convicted in Columbia, South Carolina, for conspiring to distribute powder cocaine. Hill asserts that there was no venue in South Carolina and that the government didn't prove the conspiracy that it alleged. We disagree on the first point and find any error harmless on the second.

First, venue. The Constitution demands that criminal trials happen "in the State," and before a "jury of the State and district," where the crime occurred. U.S. Const. art. III, § 2, cl. 3; *id.* amend. VI. A violation of either constitutional right warrants a new trial. *See Smith v. United States*, 599 U.S. 236, 239 (2023).

According to Hill, South Carolina was the wrong venue because "he had no connection to the state at all." Appellant's Br. at 10. But Hill's personal connections to South Carolina aren't relevant: "In a conspiracy case, venue is proper in any district in which any act in furtherance of the conspiracy was committed, and proof of acts by one co-conspirator can be attributed to all members of the conspiracy." *United States v. Camara*, 908 F.3d 41, 48 (4th Cir. 2018) (cleaned up).

By Hill's own admission, his co-conspirator Jose Vazquez Rapino "operated" (that is, supplied cocaine) in South Carolina. Appellant's Br. at 7. Since Vazquez's acts can be attributed to Hill, venue is appropriate in South Carolina. *See United States v. Smith*, 452 F.3d 323, 335 (4th Cir. 2006).

To save his venue challenge, Hill attacks the sufficiency of the government's evidence. As Hill would have it, the government never proved the nine-person conspiracy that it alleged. Instead, Hill presses, any conspiracy he formed with Vazquez was far

2

removed from Vazquez's separate conspiracy with South Carolina residents. Appellant's Br. at 12.

But that runs into a different problem. On a sufficiency-of-evidence challenge, we ask no more than "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Robinson*, 855 F.3d 265, 268 (4th Cir. 2017) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Hill can't overcome this standard.

To show that Hill was part of a conspiracy, the government had to prove that he knowingly agreed with others to violate a drug law. *See United States v. Ath*, 951 F.3d 179, 185 (4th Cir. 2020). And to be liable for the acts of a co-conspirator, defendants need not know everyone they conspire with or even the conspiracy's full scope. *See United States v. Burgos*, 94 F.3d 849, 858 (4th Cir. 1996) (en banc). Once the government proves there's a conspiracy, even a "slight" link to that conspiracy supports conviction, so long as it's beyond a reasonable doubt that such a link exists. *Id.* at 861.

Hill doesn't contest that Vazquez was part of a multi-jurisdictional conspiracy to deal cocaine. Appellant's Br. at 7. He instead argues that he dealt only with Vazquez, so he wasn't part of any broader conspiracy. *Id.* at 33. But Hill runs aground on our precedents, which establish that even "a single buy-sell transaction" can support a jury's inference of "knowing participation" in a drug conspiracy if there was a "substantial quantity of drugs" involved. *United States v. Seigler*, 990 F.3d 331, 338 (4th Cir. 2021) (quotation omitted).

3

The government proved that Hill bought four kilograms of powder cocaine from Vazquez over three transactions. J.A. 334–35, 375, 380–82. We have affirmed conspiracy convictions for less. *See, e.g.*, *United States v. Yearwood*, 518 F.3d 220, 226–27 (4th Cir. 2008).

And even if the government didn't prove the full conspiracy that it alleged, that failure would be harmless. Hill's only argument for prejudice is that absent the government's assertion that Hill conspired with South Carolinians, "venue would not be proper in South Carolina." Appellant's Br. at 12. But when Hill bought cocaine from Vazquez, Vazquez's brother would drive the cocaine through South Carolina on his way to Hill. J.A. 325, 327, 333, 342, 344–45. At a bare minimum, a reasonable jury could've found that Hill was part of a conspiracy to distribute cocaine, with himself as a middleman and Vazquez as his supplier. *See* J.A. 334–35, 374–75. That reasonable jury could have found that Vazquez's brother was a part of that conspiracy, and that Vazquez, his brother, and Hill all shared the same purpose—distributing cocaine from Vazquez through Hill to street dealers, all for a tidy profit.[*] J.A. 312, 334–35, 374–75.

Carrying drugs through South Carolina for sale in North Carolina (as Vazquez's brother did) is an overt act that happened in South Carolina, so it suffices to establish venue there for a conspiracy charge. *See United States v. Al-Talib*, 55 F.3d 923, 928 (4th Cir. 1995); *see also United States v. Romans*, 823 F.3d 299, 310 (5th Cir. 2016); *United States*

---

[*] Though Hill and Vazquez's brother could have joined the same conspiracy without knowing of each other, *see Ath*, 951 F.3d at 187, we're skeptical that Hill had no idea where his drugs were coming from. *See, e.g.*, S.A. 31 at 3:20–4:00, 5:20–6:00.

4

*v. Tang Yuk*, 885 F.3d 57, 72 (2d Cir. 2018).  So Hill's conviction stands whether or not the government proved that Hill conspired with anyone beyond Vazquez and his brother. *See Al-Talib*, 55 F.3d at 928.

Hill's claim otherwise relies on out-of-circuit precedent, some of which we find inapposite and some of which we've "expressly rejected."  *Seigler*, 990 F.3d at 338 (discussing *United States v. Townsend*, 924 F.2d 1385 (7th Cir. 1991)).  And Hill's assertion that he "did not care" whether Vazquez's brother brought cocaine to him through South Carolina makes no difference, nor does Hill explain why it should.  Appellant's Br. at 35.

Accordingly, we affirm Hill's conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and because argument wouldn't aid in our decision.

*AFFIRMED*

5